# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Prince Charles Mallory,<br><br>　　　　Plaintiff,<br>　v.<br><br>Dorchester County Detention Center, *et al.*,<br><br>　　　　Defendants. | Case No. 2:23-1688-RMG<br><br>**ORDER** |

　　This matter comes before the Court on the on a Report and Recommendation ("R & R") of the Magistrate Judge recommending summary dismissal of the Plaintiff's complaint without further leave to amend because the complaint fails to state a claim upon which relief may be granted. (Dkt. No. 25). Plaintiff was advised that he had 14 days to file written objections to the R & R, and a failure to file any objections would result in limited clear error review by the District Court and waiver of the right to appeal from the judgment of the District Court. (*Id*. at 24). Plaintiff filed no timely objections to the R & R.

　　By way of background, Plaintiff, proceeding *pro se* and *in forma pauperis*, asserted claims against a broad range of defendants, including 44 correctional officers at the Dorchester County Detention Center ("John Does 1-44); two unidentified mental health examiners from the Medical University of South Carolina ("John Does 45-46"); the Dorchester County Public Defenders Office and the Plaintiff's public defender; the Dorchester County Solicitor's Office and an assistant solicitor who prosecuted him; five unidentified nurses from the Dorchester County Detention Center ("John Does 47-51); Dr. Wimberly; Judge Vernida Gillard-Hill; and Judge Murphy. (Dkt. No. 1 at 12-13). The Magistrate Judge stated that "the heart of Plaintiff's

1

Complaint is an overarching conspiracy perpetrated against him by the Defendants. (Dkt. No. 25 at 3).

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### Discussion

The Magistrate Judge ably addressed each of Plaintiff's various claims and concluded that each claim against Defendant was wholly without legal merit. (Dkt. No. 24 at 8-24). The Magistrate Judge recommended that the Plaintiff's complaint be summarily dismissed without further leave to amend. The Court finds that Plaintiff's complaint lacks any legal merit and adopts the R & R (Dkt. No. 25) as the order of the Court. Consequently, this action is hereby dismissed.

**AND IT IS SO ORDERED.**

 s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 14, 2024
Charleston, South Carolina